Appeal from a judgment of Onondaga County Court (Walsh, J.), entered July 24, 2002, convicting defendant upon his plea of guilty of attempted murder in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) in satisfaction of a iO-count indictment, defendant contends that County Court erred in denying his motion to withdraw the plea. We reject that contention. Following jury selection, the court discussed with defendant the possibility of consecutive sentencing that defendant might face if he were convicted of kidnapping in the second degree (§ 135.20) in addition to attempted murder. The court suggested a term of incarceration of 10 years if defendant were to plead guilty to attempted murder in satisfaction of the entire indictment and stated that defendant would be allowed to withdraw his plea if the District Attorney did not agree to that sentence. A plea colloquy ensued and, after defendant stated that the allegations in the first count of the indictment were true, he was sworn and thoroughly examined. Defendant answered numerous questions in the affirmative, e.g., whether he knew' what was going on, whether the plea was entered voluntarily because he was guilty, whether he understood the enumerated rights he was waiving, whether he understood the sentence commitment, and whether he had enough time to discuss the matter with his attorney. He answered “no” when *959 asked whether he had any questions for his attorney or the court.
Before sentencing, defendant sent a letter to the court stating that he wished to withdraw his plea because he was innocent and his counsel had been ineffective. He repeated those contentions orally at sentencing, emphasizing that his attorney had not been communicative. We conclude that the court did not abuse its discretion in summarily denying defendant’s motion to withdraw the plea, which was “based upon generalized claims and conclusory allegations that are unsupported by the record” (People v Webley, 256 AD2d 1119, 1120 [1998], lv denied 93 NY2d 880 [1999]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.