THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. GRIMES, JR., Appellant. (Appeal No. 1.) [769 NYS2d 438]—

Appeal from a judgment of Onondaga County Court (Walsh, J.), entered October 23, 2002, convicting defendant upon his plea of guilty of, inter alia, attempted murder in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from separate judgments entered upon guilty pleas. We reject his contention that County Court abused its discretion in denying his motion to withdraw the pleas without a hearing. "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (*People v Tinsley*, 35 NY2d 926, 927 [1974]). Defendant here was not deprived the opportunity to advance his contentions in support of the motion; indeed, the court appointed new counsel to assist him. His allegations of coercion, lack of understanding and ineffective assistance of counsel were specifically refuted by his statements under oath during the plea col-

loquy. He proffered no proof to support his allegations of innocence and there is no evidence that the plea agreement was unfair or inappropriate. The court did not abuse its discretion in denying his motion without a hearing because defendant's generalized contentions and conclusory allegations are unsupported by the record (*see People v Rouse*, 2 AD3d 958 [2003]; *People v Caldwell*, 308 AD2d 658 [2003]; *People v Kagonyera*, 304 AD2d 984, 985 [2003]; *People v Davis*, 250 AD2d 939, 940-941 [1998]). Present—Pigott, Jr., P.J., Wisner, Kehoe, Lawton and Hayes, JJ.