█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. EAVES, Appellant. [788 NYS2d 749]—

Appeal from a judgment of the Ontario County Court (Frederic T. Henry, Jr., J.), rendered February 28, 2001. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him fol-

lowing a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the fourth degree (§ 155.30 [4]) and petit larceny (§ 155.25), defendant contends that the showup identification procedure was improper because there were no exigent circumstances. We reject that contention. The showup identification procedure was reasonable under the circumstances because it was conducted in geographic and temporal proximity to the crime and was not unduly suggestive (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Ortiz*, 90 NY2d 533, 537 [1997]). Also contrary to defendant's contention, County Court's *Sandoval* ruling does not constitute an abuse of discretion. Although many of the prior convictions concerning which the court permitted inquiry were remote in time, that "factor 'becomes less determinative or guiding' in this case given defendant's [lengthy] history of nearly continuous criminal conduct" (*People v Walts*, 267 AD2d 617, 619 [1999], *lv denied* 95 NY2d 859 [2000]). Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.