The People of the State of New York, Respondent, v Michael Matthews, Appellant. [805 NYS2d 907]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered July 1, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree and criminal possession of stolen property in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05) and criminal possession of stolen property in the third degree (§ 165.50). We agree with defendant that he did not validly waive his right to appeal because County Court failed to make a "single" remark or inquiry designed to inform defendant of the significance of such waiver and to " 'ensure that the waiver . . . was a knowing and voluntary choice' " on defendant's part (*People v Brown*, 296 AD2d 860, 860 [2002], *lv denied* 98 NY2d 767 [2002]; *see People v Newman*, 21 AD3d 1343 [2005]; *People v Fehr*, 303 AD2d 1039 [2003], *lv denied* 100 NY2d 538 [2003]). We nonetheless reject defendant's contention that the court erred in refusing to suppress the identification evidence. The testimony at the suppression hearing supports the court's determination that the showup identification procedures were conducted in geographic and temporal proximity to the crime (*see People v Eaves*, 15 AD3d 891 [2005], *lv denied* 4 NY3d 853 [2005]) and were not unduly suggestive (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Williams*, 13 AD3d 1173 [2004], *lv denied* 4 NY3d 892 [2005], 5 NY3d 796 [2005]). Finally, we conclude that the court did not abuse its discretion in summarily denying the motion of defendant to withdraw his guilty plea inasmuch as the motion was "based upon generalized claims and conclusory allegations that are unsupported by the record" (*People v Webley*, 256 AD2d 1119, 1120 [1998], *lv denied* 93 NY2d 880 [1999]; *see People v Rouse*, 1 AD3d 958, 959 [2003], *lv denied* 1 NY3d 634 [2004]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.