■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY FISHER, Appellant. [837 NYS2d 795]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 14, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]). We reject the

contention of defendant that County Court abused its discretion in denying his pro se motion to withdraw the plea (*see generally People v Seeber*, 4 NY3d 780, 780-781 [2005]). In support of the motion, defendant alleged that defense counsel was deceptive and misleading, and he alleged that defense counsel had breached a promise to him. In addition, defendant alleged that the facts of the crime did not constitute a robbery. Defendant provided no details to support his allegations, although he was afforded an opportunity to do so, and the record establishes that, during the plea colloquy, defendant indicated that he was satisfied with the services of defense counsel and that no one forced or threatened him to plead guilty. Defendant also admitted during the plea colloquy that he forcibly stole a purse from the victim and physically injured her (*see* Penal Law § 160.10 [2] [a]). We thus conclude that the court properly denied the motion because it was " 'based upon generalized claims and conclusory allegations that are unsupported by the record' " (*People v Rouse*, 1 AD3d 958, 959 [2003], *lv denied* 1 NY3d 634 [2004]; *see People v Grimes*, 2 AD3d 1476, 1477 [2003], *lv denied* 1 NY3d 628 [2004]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.