■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE POLLARD, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered October 29, 1975, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. It is urged herein that the refusal of the court to allow the defendant's attorney to open to the jury at the close of the People's case constituted reversible error. The trial court's ruling that the order prescribed by the Legislature should be followed did not constitute reversible error, absent a showing of a compelling reason for a variation (CPL 260.30; People v Seiler, 246 NY 262; People v Winchell, 36 AD2d 779). The record does not support the defendant's further contention that he was entrapped (Penal Law, §§ 40.05, 25.00). Where the defense of entrapment is alleged, there must be some active inducement on the part of the prosecution and not merely conduct which affords the defendant the opportunity of committing a crime (People v Calvano, 30 NY2d 199; see, also, Rosenblatt, New York's New Drug Laws and Sentencing Statutes, p 234). The prosecution's main witness, on cross-examination, admitted that he was an infrequent drug user. Such testimony was collateral to the issue of the defendant's guilt and, since there was no attempt to prove that the witness was under the influence of drugs at the time of the alleged sale, the trial court did not commit error by refusing to allow defendant's witness to testify as to the use

of drugs by this prosecution witness (Richardson, Evidence [10th ed], § 491). The allegations of defendant that the jury was prejudiced against Blacks, that the verdict was against the weight of the evidence, and that the District Attorney had made a prior "deal" with the defendant find no support in the record. The claim that the defendant's attorney committed an error in judgment in failing to allow him to testify in his own behalf is without merit. Judgment affirmed. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.