■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKALEEN THERIAULT, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered May 21, 1979 upon a verdict convicting defendant of the crime of conspiracy in the first degree. Defendant was indicted for the crime of conspiracy in the first degree and was found guilty as charged. Specifically, she was charged with conspiring with others to kill her husband. She was sentenced to a term of two to six years in a New York correctional facility. This appeal ensued and defendant raises three issues urging reversal. Initially, it is urged that the court erred in denying defendant's motion to reserve her opening statement until the close of the People's case. We disagree. It is well established that the order of trial prescribed by statute should be followed unless there is a showing of a compelling reason for a variation *(People v Seiler,* 246 NY 262; *People v Pollard,* 54 AD2d 1012). We find no such compelling reason from our examination of the record. We also reject defendant's contention that there was insufficient foundation for the entry of various tape-recorded telephone conversations between defendant and an undercover agent into evidence. The agent was unable to identify the voice on the phone as that of defendant. The agent, however, was given a phone number supplied by a coconspirator who in turn had received it from defendant. The recipient of the call identified herself as "Jackie". In one of the conversations she referred to her husband by name. In another conversation she used the word "victim" and agreed to produce him at a specified time and location. This ultimately occurred. While a mere self-serving statement of identity by a caller whose voice is unknown to the listener is insufficient authentication *(Murphy v Jack,* 142 NY 215), it need not be fatal where indices of reliability are to be found in surrounding facts and circumstances (see *People v McKane,* 143 NY 455). Each case, however, must be determined by

its own peculiar facts and circumstances. Considering the instant record in its entirety, we are of the view that it was proper for the trial court to determine that it was improbable that the voice belonged to anyone other than defendant. Consequently, no error was committed by the court in receiving the recorded conversations into evidence *(People v Lynes,* 49 NY2d 286). Finally, we reject defendant's contention that the court should have charged the lesser included offenses of conspiracy in the third degree and conspiracy in the fourth degree. The judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.