■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON BRYANT, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 7, 1978, as amended by a resentence on December 13, 1979, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment, as amended, reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The People concede error and agree that a new trial is required because the trial court improperly limited the cross-examination of a police informant and prosecution witness, who had been convicted of drug sales in 1972 and 1977. In 1972 the informant had served a prison term, but in 1977 she pleaded guilty and received a sentence of probation, which she was still serving at the time of defendant's trial. It was soon after the arrest (in late 1976) which led to her 1977 conviction that she agreed to become a police informant. On cross-examination defense counsel's attempts to question the informant on the scope of punishment she faced on her 1976 drug sale arrest, as well as the "informant's probation" option, were frustrated when the trial court, *sua sponte,* ruled that such questioning was improper. The court also ruled that defense counsel was "bound" by the informant's statements that she was not promised anything for her testimony at trial. The prosecutor informed the court that he had no knowledge of a "deal" between the informant and the police or the prosecution, and the court ruled that cross-examination into this area would cause the jury to think in terms of punishment. This was error. Cross-examination is an essential component of the right of an accused in a criminal prosecution to confront the witnesses against him *(Davis v Alaska,* 415 US 308, 315-316; cf. *People v Roth,* 30 NY2d 99, 102). On the record before us, defendant was entitled to attempt to show through cross-examination that the informant's motive to lie was increased because of the sentence she faced before she agreed to become an informant and to plead guilty and receive a sentence of probation (see *People v Tyler,* 54

AD2d 723). In addition, the prosecutor made improper remarks and asked improper questions during the course of the trial, some of which prompted defense objections and others of which did not. Among other things, the prosecutor on cross-examination improperly attempted to portray defendant and a codefendant who had earlier pleaded guilty as large-scale drug dealers, thus introducing evidence of uncharged crimes for the impermissible purpose of implying that defendant was guilty of the crime charged (see *People v Molineux,* 168 NY 264, 293; *People v Cook,* 42 NY2d 204, 208). The fact that most of the innuendos of drug trafficking were directed toward the codefendant is not dispositive, since it was established that he and defendant had known each other for many years and had a long-standing legitimate business relationship (see *People v Montanez,* 41 NY2d 53, 58). The prosecutor's comments on summation about the codefendant's being a large-scale drug dealer were also improper (see *People v McMillan,* 66 AD2d 830). In his summation, the prosecutor also attempted to bolster the testimony of the police informant with reference to the danger she would face upon her return, after the trial, to the community. Such bolstering was improper (see *People v Jackson,* 40 AD2d 1006). Also in summation, the prosecutor, in referring to an improper line of questions asked during his cross-examination of defendant, improperly implied that an acquittal would be tantamount to a finding that the People's witnesses had perjured themselves (see *People v Ingram,* 49 AD2d 865). For all these reasons, the judgment must be reversed and a new trial ordered. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.