■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN T. ELY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 23, 1983, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant and Robert Huntington were charged in an indictment with murder in the second degree for the strangulation death of defendant's husband, Raymond Ely. Huntington pleaded guilty and testified at defendant's trial as a prosecution witness. Defendant appeals her conviction after a jury trial and sentence of 25 years to life in prison.

Defendant first contends that restrictions imposed upon her cross-examination of key prosecution witnesses denied her the effective assistance of counsel. Mary Beth Matthews, an inmate at the Albany County Jail while defendant was confined there, testified for the People on rebuttal that defendant tried to recruit her as a witness to say that she had seen the deceased alive in a bus station shortly before the time of his murder. Matthews testified that defendant instructed her to describe the deceased's appearance and relate her attempts to purchase drugs from him. Defense counsel sought to question Matthews on cross-examination about her psychiatric history and to examine her file at the Albany County Mental Health

Department. After an in camera examination of that file, County Court refused to permit questioning about Matthews' past psychiatric evaluations because there was no evidence that she had ever been psychotic. The court therefore concluded that such inquiry would be speculative and of no relevance as to credibility. The court did admit into evidence three psychiatric reports, none of which indicated either distress or any psychoses, and then permitted inquiry into Matthews' past drug use and juvenile record.

The nature and extent of cross-examination concerning witness credibility is within the sound discretion of the trial court (*Martin v Alabama 84 Truck Rental,* 47 NY2d 721; *People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846). Because there was no evidence of mental illness or other serious psychological problems in the records examined by County Court, and because those reports bearing upon Matthews' credibility were admitted into evidence, we find no abuse of the court's discretion in so limiting the cross-examination of this witness. Each of the cases relied upon by defendant is clearly distinguishable, in that the psychiatric testimony sought constituted a critical factor as to guilt or innocence (*cf. People v Rensing,* 14 NY2d 210 [sole witness to murder was a codefendant, also adjudged guilty, but who was declared insane prior to sentencing]; *People v Baier,* 73 AD2d 649 [15-year-old *complainant* had extensive history of mental illness requiring confinement, and her mental condition, ability to comprehend an oath and general credibility permeated the defendant's trial on charges of rape, sodomy, sexual abuse and endangering the welfare of a child]). Unlike the history of mental illness in both the *Rensing* and *Baier* cases, there was no evidence here that Matthews, a rebuttal witness, had any mental disease or disorder, which condition was, at best, merely a collateral matter.

Defendant next contends that County Court erred in limiting the cross-examination of Matthews concerning her motive to testify falsely. We disagree. Matthews testified on direct that she was in jail on charges of hindering prosecution and criminal possession of a weapon in an unrelated case at the time defendant attempted to solicit her assistance. Matthews further indicated on cross-examination that she was not afraid of the prosecuting attorney. When defense counsel attempted to inquire further as to both these matters, the court sustained the prosecutor's objections, rulings which defendant now challenges as improper. While inquiries directed toward a witness's motive to falsify testimony, such as fear of the

District Attorney, are not merely collateral issues (Fisch, New York Evidence § 469, at 307 [2d ed]; *see also,* Richardson, Evidence § 491, at 478 [Prince 10th ed]), the extent of cross-examination on such matters rests mainly in the discretion of the trial court. Since defendant was able to establish that Matthews was in jail pending serious criminal charges against her, giving rise to an inference that she had a motive to cooperate with the District Attorney, we find no abuse of discretion on County Court's part by limiting further cross-examination in this area. The three cases relied upon by defendant are distinguishable. In *People v Roth* (30 NY2d 99), the refusal to allow cross-examination of the only eyewitness about an unconditional discharge that she received for the same crime was held to be error. Here, unlike *Roth,* Matthews' testimony was not crucial to the prosecution, but merely directed toward defendant's unlawful effort to exonerate herself. In *People v Savvides* (1 NY2d 554), the conviction was reversed not because of an improper limitation of cross-examination, but because the principal witness lied about a favorable plea bargain given in return for his cooperation while the prosecutor stood silently by. Finally, in *People v Bryant* (77 AD2d 603), the People conceded that reversible error occurred because of impermissible restrictions upon the defense's cross-examination and agreed to a new trial. This is not the case here.

Nor do we find error in the restriction on cross-examination of the People's pathologist concerning a bruise present on the decedent's chest. There was no evidence of a struggle in which the bruise could have been inflicted, as was defendant's theory in support of her contention that Huntington acted alone in killing the deceased. Thus, the doctor was precluded from assuming that a struggle occurred. With respect to the People's witness, Kirk Buckholz, a former employee of defendant, County Court refused to allow questioning which referred to his alleged homosexuality, but permitted inquiry during cross-examination into whether defendant exposed a relationship Buckholz had "with Mr. Spain". Disparaging questions directed toward credibility may be duly restricted by the trial court *(see,* Richardson, Evidence § 500, at 485 [Prince 10th ed]). Since defendant was able to inquire about the relationship, it is clear that the cross-examination was not restricted in any meaningful way.

We further find that the recorded telephone conversations between defendant and the decedent were properly admitted into evidence. A foundation for admission may be found in the

testimony of the victim's mother and the decedent's matrimonial attorney concerning custody of the exhibits. Moreover, defendant stipulated that it was her voice on the tapes and recalled portions of the conversations in her testimony *(see, People v McGee,* 49 NY2d 48, *cert denied* 466 US 942). Here, the surrounding circumstances convincingly establish that the tapes were genuine *(see, People v Theriault,* 75 AD2d 971). We also reject defendant's contention that the County Court erred in refusing to redact certain portions of the tapes concerning a prior arson charge against her which was eventually dismissed. Defendant explained on the tapes that she wanted to leave her husband after becoming pregnant by another man, but elected not to do so because of the pending arson charges. This evidence was highly relevant as to defendant's motive for the slaying, which the People asserted was to end decedent's visitation with her son, and to establish her reasons for remaining with her husband as long as she did. Any prejudicial effect was far outweighed by the relevancy of the evidence. We note that the court properly ruled that defendant could not be cross-examined as to the prior arson arrest.

We have examined defendant's remaining contentions and find them to be without merit. The testimony of witnesses Richard Spain and Margaret Ovsanikow as to prior consistent statements of the witness Buckholz was properly received to counter defendant's suggestion that Buckholz's testimony that defendant told him of her plan to kill her husband was a recent fabrication (Richardson, Evidence § 519, at 510 [Prince 10th ed]). Finally, when considered in its entirety *(see, People v Robinson,* 36 NY2d 224, 227-228), we find the charge to have been fair and not prejudicial to defendant.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.