■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAUNCEY CROMWELL, Also Known as DARRELL CAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered November 19, 1987, convicting him of robbery in the first degree (four counts), attempted rape in the first degree (two counts), attempted coercion in the first degree, criminal possession of stolen property in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by reversing the convictions for attempted rape in the first degree, vacating the sentences imposed thereon and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant that the evidence, even when viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally insufficient to sustain his convictions for attempted rape in the first degree. Accordingly, those convictions must be reversed.

We reject the defendant's contention that the trial court should have instructed the jury on robbery in the third degree as a lesser included offense of robbery in the first degree. That the complainants never actually saw a gun is not determinative of whether the defendant was guilty of robbery in the first degree *(see, People v Lopez,* 73 NY2d 214). Moreover, no reasonable view of the evidence supports the defendant's contention on appeal that the jury could have acquitted him of robbery in the first degree and returned a finding of guilt as to robbery in the third degree. Consequently, we find that under the facts of this case the trial court properly declined the defendant's request to charge robbery in the third degree.

We note that the trial court properly refused to compel the People to produce the complaining witnesses at the *Wade* hearing *(see, People v Chipp,* 75 NY2d 327).

We have examined the remaining contentions advanced by the defendant and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.