■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FARROW, Appellant.—Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered July 6, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him,

as a predicate felony offender, to an indeterminate term of imprisonment of from 7 to 14 years, unanimously affirmed.

Defendant was arrested as part of a buy-and-bust operation. The People's evidence showed that an undercover police officer approached a co-defendant, who in turn pointed to defendant. When the officer asked for "two nickles", defendant spat two plastic vials of cocaine from his mouth, which he exchanged for pre-recorded buy money. Defendant was arrested by the back up team and identified by the undercover officer.

Defendant contends that the trial court improperly denied his request to testify, which was made after summations and during the court's charge to the jury. The order of proof, as set forth in CPL 260.30, may be varied by the trial court "in its discretion in furtherance of justice" *(People v Benham,* 160 NY 402, 437)*.* Nevertheless, "the order of trial prescribed by statute should be followed unless there is a showing of a compelling reason for a variation" *(People v Theriault,* 75 AD2d 971)*.* Here, the refusal to reopen the trial was not an abuse of discretion *(see, People v Munoz,* 153 AD2d 281), nor are the circumstances presented analogous to those presented in *People v Washington* (71 NY2d 916), where the defendant requested to testify after summations but before the charge.

We similarly find no abuse of discretion in sentencing defendant. The mere fact that defendant was offered a lighter sentence during plea bargaining than the one actually imposed does not establish that defendant was penalized for going to trial *(see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087). Nor is there any requirement that all the participants in the crime be given identical sentences, since the court must consider factors such as defendant's actual involvement and background in determining sentence *(People v Danny G.,* 61 NY2d 169, 174). Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.