■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered February 13, 1991, convicting him of robbery in the first degree and criminal possession of a

weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's generalized motion to dismiss was insufficient to preserve his claim that the proof of identification was legally insufficient to establish his guilt beyond a reasonable doubt *(People v Bynum,* 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that the identification testimony of the complainant, who recognized the defendant from having seen him on 15 to 20 previous occasions at the gas station where the robbery occurred, as well as the testimony of an eyewitness, was legally sufficient to establish the defendant's guilt. Furthermore, the minor inconsistency in the height of the defendant given in the identification testimony of the complainant, on the one hand, and the defendant's appearance, on the other hand, did not render the identification testimony incredible as a matter of law *(People v Harvey,* 175 AD2d 138).

The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that the court improperly denied his request to submit the crime of robbery in the third degree as a lesser included offense of robbery in the first degree. We disagree. On this record there is no reasonable view of the evidence that would support a finding that the defendant committed the lesser offense but not the greater *(People v Cromwell,* 163 AD2d 410; *People v Gray,* 144 AD2d 483; *People v Neal,* 118 AD2d 815). Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.