■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FAMA, Appellant. [622 NYS2d 732] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 11, 1990, convicting him of murder in the second degree, riot in the first degree, unlawful imprisonment in the first degree (three counts), criminal possession of a weapon in the third degree, discrimination (four counts), and menacing (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's generalized motion to dismiss was insufficient to preserve for appellate review his claims that the proof of identification was legally insufficient to establish his guilt of depraved indifference murder beyond a reasonable doubt *(People v Bynum,* 70 NY2d 858; *People v Jackson,* 182 AD2d 705, 706). In any event, viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that the identification testimony of the eyewitness, who had known the defendant for approximately 15 years, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Additionally, immediately prior to the shooting, the defendant was observed running toward the scene of the shooting by another witness and the defendant later admitted to fellow inmates that he shot the victim. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court properly admitted evidence of the defendant's flight. To be admissible, evidence of flight need not be unequivocal or exclude every possible innocent motive *(see, People v Yazum,* 13 NY2d 302, 304; *People v Guthrie,* 157 AD2d 668, 670). Ambiguities or explanations tending to rebut an inference of guilt may be introduced as a part of the defense rather than to render the evidence inadmissible *(see, People v Yazum, supra,* at 305). Accordingly, the mere fact that the flight took place a day after the crime, rather than immediately following the crime, does not necessitate its exclusion *(see, People v Shepherd,* 176 AD2d 369, 370). Similarly, the fact that the defendant eventually surrendered to the police does not render the evidence of flight inadmissible.

Absent a compelling reason, the order of trial prescribed by CPL 260.30 should be followed *(see, People v Farrow,* 176 AD2d 130, 131; *People v Theriault,* 75 AD2d 971). Whether to reopen a case for further testimony rests in the sound discretion of the trial court *(People v Frieson,* 103 AD2d 1009; *see generally,* CPL 260.30; *People v Washington,* 71 NY2d 916, 918). Under the particular circumstances of this case and given the equivocal nature of the proposed testimony, we find that the trial court did not improvidently exercise its discretion in denying the defendant's motion to reopen his case, which was made before summation but four days after the defense had rested.

With respect to the court's supplemental charge on criminal possession of a weapon in the third degree, we find the trial

court adequately responded to the jury's inquiries regarding that count *(see, People v Jackson,* 20 NY2d 440, 454-455, *cert denied* 391 US 928; *People v Phillips,* 150 AD2d 396, 397).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.