■ In the Matter of KASSAN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [731 NYS2d 487] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated December 2, 1998, which, upon a fact-finding order of the same court (Berman, J.), dated October 22, 1998, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree, adjudged him to be a juvenile delinquent and, *inter alia*, placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated October 22, 1998.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court reserved decision on those branches of the appellant's omnibus motion which were to suppress physical evidence and his statement to law enforcement authorities, and never formally decided them. This circumstance would ordinarily require the dismissal of so much of the appeal wherein the appellant seeks review of the failure of the Family Court to order *Dunaway/Mapp* and *Huntley* hearings (*see, Katz v Katz,* 68 AD2d 536, 542-543; *see also, Dunaway v New York,* 442 US 200; *Mapp v Ohio,* 367 US 643; *People v Huntley,* 15 NY2d 72). In this case, however, the Family Court in a decision dated October 21, 1998, made a finding that the recovery from the appellant of crack cocaine and other paraphernalia was incidental to a lawful arrest on unrelated charges. Similarly, the Family Court's failure to rule on that branch of the appellant's omnibus motion which was for a *Huntley* hearing was rendered academic since the presentment agency did not introduce at the fact-finding hearing the appellant's statement from the pedigree procedure.

The appellant's claim that the presentment agency failed to prove a proper chain of custody for the crack cocaine rests largely upon discrepancies in the testimony concerning the voucher and laboratory numbers. The chain of custody requirement is one means of establishing the authenticity of a fungible item of real evidence, but it should not be extended to unreasonable limits (*see, People v Julian,* 41 NY2d 340, 343). The

identification of the contraband by Police Officer Flynn at the fact-finding hearing, coupled with the testimony of the chemists, gave "reasonable assurance" that the crack cocaine received in evidence was recovered from the appellant and that it was in the same condition but for the chemical testing (*People v Sarmiento,* 168 AD2d 328, *affd* 77 NY2d 976). Discrepancies in the voucher numbers, deplorable as they are in this case, were induced by the leading questions of the Assistant Corporation Counsel, and go to the weight of the evidence, not its admissibility (*see, People v Sarmiento, supra; People v Quinones,* 191 AD2d 398, 401; *People v Ramos,* 147 AD2d 718). Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.