■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARRIEF YELVERTON, Appellant. [738 NYS2d 871] —Appeal by

the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered October 6, 2000, convicting him of criminal possession of a weapon in the third degree, menacing in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a razor blade was improperly admitted into evidence because the People failed to establish a complete chain of custody is meritless. The circumstances provide reasonable assurances as to the identity and unchanged condition of the razor (*see, People v Julian,* 41 NY2d 340, 343; *Matter of Kassan D.,* 287 AD2d 564; *People v Cruz,* 275 AD2d 420; *People v Morrison,* 271 AD2d 701). Additionally, any irregularities in the chain of custody go to the weight of that evidence, not to its admissibility (*see, People v Shenouda,* 283 AD2d 446; *People v Cruz, supra; People v Morrison, supra*).

The defendant's contention that the trial court improvidently exercised its discretion in failing to impose a sanction on the People for making a late *Rosario (see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) disclosure is similarly meritless. The record is clear that the defendant was not prejudiced by the late disclosure and, in fact, was able to effectively utilize the material in his cross-examination of the police detective (*see, People v Banch,* 80 NY2d 610; *People v Ranghelle,* 69 NY2d 56; *People v Robertson,* 275 AD2d 380; *People v Gramby,* 251 AD2d 346; *People v Farner,* 234 AD2d 561). Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.