■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY FORBES, Appellant. [904 NYS2d 665]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered August 18, 2008, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired. Therefore, the Supreme Court properly denied the defendant's motion to dismiss the indictment on that ground (see CPL 210.35 [5]; *People v Aarons*, 2 NY3d 547, 552 [2004]; *People v Huston*, 88 NY2d 400, 409 [1996]; *People v Gervasi*, 213 AD2d 420 [1995]).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant intentionally caused serious physical injury to the victim, resulting in his death, and thus was legally sufficient to establish her guilt beyond a reasonable doubt of manslaughter in the first degree (*see* Penal Law § 125.20 [1]; *People v Spurgeon*, 63 AD3d 863, 863-864 [2009]). Furthermore, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]; *People v Guillen*, 37 AD3d 852 [2007]), we find that the defense of justification was disproved beyond a reasonable doubt (*see* Penal Law § 25.00 [1]; § 35.15 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.