# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1220**

**KA 09-00667**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CARMEN G. MONTERO, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 27, 2008. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (two counts), promoting prostitution in the second degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of two counts each of rape in the second degree (Penal Law § 130.30 [1]) and promoting prostitution in the second degree (§ 230.30 [2]), and one count of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review her contention that she was deprived of a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Beggs*, 19 AD3d 1150, 1151, *lv denied* 5 NY3d 803), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, we conclude that she was not deprived of her right to effective assistance of counsel. It is well settled that a defendant receives effective assistance of counsel "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). "Isolated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is so serious that defendant did not receive a fair trial" (*People v Henry*, 95 NY2d 563, 565-566 [internal quotation marks omitted]; *see People v Flores*, 84 NY2d 184, 188-189). Moreover, "[t]o prevail on a claim of ineffective assistance of counsel,

it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709; *see People v Taylor*, 1 NY3d 174, 177).  Here, although defendant contends that there were errors in defense counsel's performance, she failed to demonstrate that defense counsel lacked strategic or other legitimate reasons for the challenged actions (*see Baldi*, 54 NY2d at 151).  Additionally, defendant has failed to demonstrate that those isolated errors were so serious that she did not receive a fair trial (*see Henry*, 95 NY2d at 565-566).

Defendant also contends that Supreme Court erred in failing to instruct the jury that the trial testimony of her alleged accomplice must be corroborated by independent evidence (*see* CPL 60.22 [1]).  Defendant's contention is not preserved for our review because she did not object to the court's charge, nor did she request that an accomplice charge be given (*see* CPL 470.05 [2]; *People v Weeks*, 15 AD3d 845, 846, *lv denied* 4 NY3d 892).  "In any event, the failure of the court to give that instruction is of no moment, inasmuch as the testimony of the [accomplice] was in fact amply corroborated" (*People v Peoples*, 66 AD3d 1419, 1419, *lv denied* 14 NY3d 843).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court