■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASAN MUSTAFA, Appellant. [980 NYS2d 921]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 3, 2011, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and impos-

ing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of all the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all the crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the People established a sufficient chain of custody of certain drugs recovered from the defendant and another individual, and the People's evidence provided reasonable assurances of the identity and unchanged condition of the evidence between its recovery and the trial (*see People v Hawkins*, 11 NY3d 484, 494 [2008]; *People v Julian*, 41 NY2d 340, 343 [1977]; *People v Thomas*, 92 AD3d 1084, 1086 [2012]; *Matter of Kassan D.*, 287 AD2d 564, 564-565 [2001]; *People v Piazza*, 121 AD2d 573, 574 [1986]). Any deficiencies in the chain of custody went only to the weight to be accorded the evidence, not its admissibility (*see People v Hawkins*, 11 NY3d at 494; *People v Julian*, 41 NY2d at 343; *People v Bain*, 85 AD3d 1193, 1194 [2011]; *People v Delgado*, 187 AD2d 447, 447-448 [1992]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant was not denied the effective assistance of counsel during his pretrial *Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]), as defense counsel provided meaningful representation (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Elamin*, 82 AD3d 1664, 1665 [2011]; *cf. People v Clermont*, 22 NY3d 931 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dickerson, Lott and Hinds-Radix, JJ., concur.