THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAERUE WILLIAMS, Appellant. [31 NYS3d 196]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 1, 2014, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The charges against the defendant arise from a drug transaction in February 2012 in Port Chester during which the victim was shot and killed. After a jury trial, the defendant was convicted of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).

Contrary to the defendant's contention, the County Court did not err in denying that branch of his omnibus motion which was to suppress identification testimony. The *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) testimony showed that a witness viewed a photo shown to him by private individuals prior to a police-arranged photo array viewing in which the witness identified a different photo of the defendant. Where the conduct of private citizens is alleged to have resulted in a suggestive identification procedure, no "per se" constitutional rule of exclusion applies (*People v Marte*, 12 NY3d 583, 589 [2009]). There is no evidence here that the witness's earlier identification of a photograph of the defendant resulted in unconstitutional taint at the police-arranged photographic identification procedure. Likewise, there was no basis upon which to find that the identification should have been excluded on other grounds (*see id.*).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that the People presented legally sufficient evidence as to the defendant's identity as the shooter and as to the element of intent to cause serious physical injury or death (*see* Penal Law § 125.20 [1]; *People v Stanley*, 124 AD3d 919, 920 [2015]; *People v Herb*, 110 AD3d 829, 830 [2013]; *People v Moore*, 89 AD3d 769, 769 [2011]; *People v Pena*, 242 AD2d 546, 546 [1997]; *People v Harvey*, 138 AD2d 742, 742-743 [1988]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) reflected an appropriate balance between the probative value of evidence of the defendant's prior crimes on the issue of credibility and the possible prejudice to the defendant stemming from the admission of such evidence (*see People v Huger*, 136 AD3d 943, 944 [2016]).

Contrary to the defendant's contention, the County Court did not err in admitting testimony as to alleged threats made to a trial witness. "Evidence that a third party threatened a witness with respect to testifying at a criminal trial is admissible where there is at least circumstantial evidence linking the defendant to the threat" (*People v Myrick*, 31 AD3d 668, 669 [2006]; *see People v Jones*, 21 NY3d 449, 456 [2013]). Here, the County Court did not err in finding that there was sufficient evidence linking the defendant to the implied threat to the witness, and it did not improvidently exercise its discretion in permitting the People to introduce properly limited evidence as to the threat (*see People v Green*, 92 AD3d 953, 954 [2012]).

The defendant failed to preserve for appellate review his contention that the People did not establish an adequate chain of custody supporting the admission into evidence of certain clothing and possessions of the victim (*see* CPL 470.05 [2]; *People v Ortiz*, 80 AD3d 628, 629-630 [2011]). In any event, the defendant's contention as to the chain of custody is without merit (*see People v Mustafa*, 114 AD3d 966, 967 [2014]).

"Absent a compelling reason, the order of trial prescribed by CPL 260.30 should be followed" (*People v Fama*, 212 AD2d 542, 543 [1995]). The determination of whether to reopen a case for further testimony rests within the sound discretion of the trial court (*see People v Ventura*, 35 NY2d 654, 655 [1974]; *People v McCloud*, 305 AD2d 428, 429 [2003]; *People v Fama*, 212 AD2d at 543). Here, the defendant sought to reopen the trial in order

to present evidence that, according to the defendant, related to the possible culpability of a third party. Any conclusion, however, that the third party was culpable was so tenuous as to be entirely speculative. Accordingly, the County Court would not have improvidently exercised its discretion by excluding that evidence had it been offered during the defendant's case (*see People v Powell*, 27 NY3d 523, 530-531 [2016]; *cf. People v DiPippo*, 82 AD3d 786 [2011]), and it did not improvidently exercise its discretion in denying the defendant's application to reopen the trial to present that evidence (*see People v McCloud*, 305 AD2d at 429; *People v Fama*, 212 AD2d at 543).

The defendant did not request an instruction on corroboration of accomplice testimony (*see e.g.* CJI2d[NY] Accomplice as a Question of Fact). Therefore, his contention that the County Court erred in failing to instruct the jury on that issue is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Montero*, 100 AD3d 1555, 1556 [2012]; *People v Wesley*, 19 AD3d 937, 937 [2005]). In any event, an accomplice corroboration instruction was not required here (*see* CPL 60.22 [1]; *People v Caban*, 5 NY3d 143, 154 [2005]; *People v Anderson*, 118 AD3d 1138, 1143-1144 [2014]).

Finally, the record, viewed in totality, shows that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 139 [1981]; *see also Strickland v Washington*, 466 US 668, 688, 695 [1984]). Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.