People v Beard (2018 NY Slip Op 06550)





People v Beard


2018 NY Slip Op 06550


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-04158
 (Ind. No. 245/15)

[*1]The People of the State of New York, respondent,
v
Jeffrey Beard, also known as Timmothy Parker, appellant.


The Legal Aid Society, New York, NY (William B. Carney of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), rendered April 15, 2016, convicting him of robbery in the second degree (two counts), grand larceny in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the second degree (two counts), grand larceny in the fourth degree, and criminal mischief in the fourth degree based on an incident at a bus stop at the ferry terminal in Staten Island in August 2015. At trial, the complainant testified that, in the early morning of August 12, 2015, he was sitting with his eyes closed on a bench at the bus stop when two men and one woman approached him. The complainant testified that he opened his eyes and saw a man in a red sweatshirt place his hands into the complainant's pocket and take the complainant's wallet, cell phone, and cigarettes. The other man, who was wearing a black sweatshirt, punched the complainant in the face and threw him to the ground, while the woman kicked him in the face. As a result, the complainant suffered, inter alia, a broken jaw. Approximately one month after the incident, the complainant identified the defendant in a lineup as the person in the black sweatshirt who, together with the two other individuals, robbed and beat him. At trial, the complainant testified that he did not see the man whom he had identified in the lineup
in the courtroom, and that his memory of the incident was clearer when he viewed the lineup a few weeks after the incident. Thereafter, upon the People's application, the Supreme Court allowed the detective who arranged the lineup to testify about the complainant's identification of the defendant in the lineup.
The detective also testified about his investigation of the case and his interrogation of the defendant. The detective testified that, after speaking with the complainant, he retrieved a surveillance video of the incident and made still photographs of, among others, the individuals depicted in the video whom the complainant had also previously described to the detective. The detective identified the defendant in court as the person in one of the still photographs. The detective testified that after the defendant was in custody and the detective had advised him of his Miranda rights (see Miranda v Arizona, 384 US 436), the defendant agreed to talk with him. The interrogation was recorded and the recording was played in court during the trial. During the [*2]interrogation, the defendant admitted to being in the area where the incident occurred at the time of the incident, denied knowing the man in the red sweatshirt or the woman, but said that a fight had occurred at the time of the incident. The defendant also admitted that he was the man in the black sweatshirt depicted in the still photograph.
The jury found the defendant guilty of the charged crimes.
The defendant's contention that the detective's testimony regarding the lineup identification by the complainant improperly bolstered the complainant's testimony and deprived the defendant of a fair trial is without merit. Contrary to the defendant's contention, the foundational requirements of CPL 60.25 were met in this case (see People v Davis, 139 AD3d 966, 967; see also People v Hernandez, 154 AD2d 197, 200-202).
The defendant's contention that the evidence was legally insufficient to establish his identity as one of the perpetrators is unpreserved for appellate review (see CPL 470.05[2]; People v Williams, 247 AD2d 416, 417). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt (see People v Stanley, 124 AD3d 919, 920; People v Jackson, 182 AD2d 705, 706). In addition to the complainant's identification of the defendant in the lineup, the defendant admitted that, at the time of the incident, he was in the area where the incident occurred. The defendant also identified himself in a still photograph taken from the surveillance video showing the incident. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 137-147).
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court