People v Sorbera (2018 NY Slip Op 06944)





People v Sorbera


2018 NY Slip Op 06944


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2014-10298
 (Ind. No. 347/13)

[*1]The People of the State of New York, respondent,
v Kristian P. Sorbera, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John La Tella, J.), rendered October 16, 2014, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that offense beyond a reasonable doubt (see People v Williams, 139 AD3d 885; People v Cherry, 127 AD3d 879; People v Forbes, 75 AD3d 608).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain comments made by the prosecutor in summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Kaval, 154 AD3d 875). In any event, the challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), a fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396, 399), or not so egregious as to have deprived the defendant of a fair trial (see People v Wilson, 163 AD3d 881).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court