People v Perez-Rodriguez (2018 NY Slip Op 07460)





People v Perez-Rodriguez


2018 NY Slip Op 07460


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2013-01533
 (Ind. No. 6163/10)

[*1]The People of the State of New York, respondent,
v
Carlos Perez-Rodriguez, appellant.


Jeffrey A. Chabrowe, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah A. Dowling, J.), rendered January 30, 2013, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Michael Gary, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant improperly relies, in part, upon trial testimony to challenge the hearing court's determination denying suppression of identification evidence. Trial testimony may not be considered in evaluating a suppression ruling on appeal (see People v Abrew, 95 NY2d 806, 808; People v Robinson, 138 AD3d 764, 764; People v Jerry, 126 AD3d 1001, 1002). Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress identification testimony. The hearing testimony demonstrated that the eyewitnesses viewed photographs shown to them by private individuals prior to a police-arranged lineup at which they identified the defendant. Where it is alleged that the conduct of private individuals rendered an identification procedure unduly suggestive, there is no "per se" constitutional rule of exclusion (People v Marte, 12 NY3d 583, 589-590). Since there is no evidence here that the witnesses' earlier identification of a photograph of the defendant resulted in unconstitutional taint at the police-arranged identification procedure, there is no basis to suppress the identification evidence (see People v Williams, 139 AD3d 885; Matter of Johnny H., 111 AD3d 576, 576).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the trial court's limitation of his cross-examination of the prosecution's witnesses deprived him of his constitutional right to present a defense is [*2]unpreserved for appellate review and, in any event, without merit (see CPL 470.05[2]; People v Jimenez, 148 AD3d 1054, 1055; People v May, 138 AD3d 1024, 1026).
The defendant's remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court