People v Ford (2023 NY Slip Op 04135)

People v Ford

2023 NY Slip Op 04135

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-04109
 (Ind. No. 624/20)

[*1]The People of the State of New York, respondent,
v
Trevor Ford, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Fran Ricigliano, J.), rendered May 11, 2022, convicting him of criminal possession of a weapon in the second degree (two counts), assault in the second degree, and criminal possession of a firearm, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of two counts of criminal possession of a weapon in the second degree and criminal possession of a firearm beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the Supreme Court erred in denying his application to reopen the case during jury deliberations, so as to allow testimony from the complainant. "[T]he determination as to whether to reopen a case for further testimony rests within the sound discretion of the trial court" (People v McCloud, 305 AD2d 428, 428). "Absent a compelling reason, the order of trial prescribed by CPL 260.30 should be followed" (People v Fama, 212 AD2d 542, 543; see People v Zamfino, 160 AD3d 779, 781). Here, given the equivocal nature of the proposed testimony, and the fact that the defendant's application to reopen his case was made after the jury had begun deliberating and reached a partial verdict, the trial court did not improvidently exercise its discretion in denying the application (see People v Olsen, 34 NY2d 349, 354-355; People v Fama, 212 AD2d at 544).
The defendant's contention that the Supreme Court unlawfully imposed consecutive sentences for his convictions of criminal possession of a weapon in the second degree under Penal [*2]Law § 265.03(3) and assault in the second degree is without merit. The evidence, which included video surveillance footage, supported the conclusion that the defendant possessed a gun for a sufficient period of time before forming the intent to shoot the complainant. Therefore, the convictions of criminal possession of a weapon in the second degree under Penal Law § 265.03(3) and assault in the second degree were based upon separate transactions, justifying the imposition of consecutive sentences (see People v Malloy, 33 NY3d 1078, 1080; People v Alleyne, 193 AD3d 1069; People v Stephens, 189 AD3d 1270, 1271).
The sentence imposed was not excessive (see People v Suitte , 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court