■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GIBEAU, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal mischief in the third degree, defendant argues that prosecutorial misconduct in cross-examining him deprived him of a fair trial and that he was denied effective assistance of counsel. Although the prosecutor erred in asking defendant to characterize the People's witnesses as mistaken and whether defendant considered himself an honest person *(see, People v Montgomery,* 103 AD2d 622; *People v Balkum,* 94 AD2d 933), the errors are rendered harmless by the overwhelming evidence of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Moreover, on this record we conclude that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137). (Appeal from judgment of Jefferson County Court, Clary, J.—criminal mischief, third degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE G. MAYBEE, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in declining defendant's request to charge third degree assault (Penal Law § 120.00 [2] [reckless conduct], [3] [criminally negligent conduct]) as lesser included offenses of second degree intentional assault (Penal Law § 120.05 [1]). Viewing the evidence in the light most favorable to defendant *(see, People v Greer,* 42 NY2d 170), we see nothing in the record which would support a finding that defendant acted other than intentionally when he struck the victim *(see,* CPL 300.50 [2]; *People v Green,* 56 NY2d 427, 430, 434, *rearg denied* 57 NY2d 775; *People v Johnson,* 110 AD2d 1057, *lv denied* 66 NY2d 615). (Appeal from judgment of Genesee County Court, Morton, J.—assault, second degree; criminal mischief, fourth degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.