■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO ARZU, Appellant. [658 NYS2d 303] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered June 14, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of $2^1/_2$ to $7^1/_2$ years, unanimously affirmed.

Since no reasonable view of the evidence establishes the elements of the defense of justification regarding the use of deadly force, the trial court correctly refused defendant's request for such a justification charge (*see, People v Reynoso*, 73 NY2d 816). Viewing the evidence in the light most favorable to defendant, it does not establish that a reasonable person in his situation would have feared the use of deadly force from the complainant, especially since defendant admitted his awareness that the complainant did not possess a weapon.

Defendant was not entitled to a charge on criminally negligent assault as a lesser included offense of assault in the first degree because no reasonable view of the evidence supported submission of that charge (*see, People v Randolph*, 81 NY2d 868). The evidence indicates that defendant either intentionally injured the complainant by stabbing him with a knife, or that defendant was exculpated by the fact that the complainant accidentally impaled himself on defendant's knife. Thus, there is no support for finding defendant failed to perceive a substantial and unjustifiable risk and therefore acted with criminal negligence when he chose to grab a knife when a physical altercation with the complainant was im-

minent (*see, People v Campos*, 171 AD2d 521, *lv denied* 78 NY2d 954).

Defendant's arguments that the expert witness was improperly permitted to testify regarding the cause of the knife wound, in that such testimony usurped the function of the jury and improperly bolstered the prosecution's case, were not preserved by his general objections to the testimony (*People v Davis*, 226 AD2d 125), and we decline to review them in the interest of justice. Were we to review them, we would find that admission of this testimony was a proper exercise of discretion in the circumstances presented herein (*People v Cronin*, 60 NY2d 430). Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Mazzarelli, JJ.