■ Tong H. Chun, Also Known as Edward Chun, Appellant, v New York Slide Fastener Corp. et al., Respondents. [679 NYS2d 281] —Order, Supreme Court, New York County (Carol Arber, J.), entered May 9, 1997, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff's cause of action on the notes was properly dismissed where the notes were not issued or indorsed to him or to his order or to bearer or in blank (UCC 3-301, 1-201 [20]), and the purported assignment does not bear the assignor's signature. We have considered plaintiff's arguments that the complaint states causes of action for breach of contract, subrogation, contribution and indemnity, and find them to be without merit. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.

■ The People of the State of New York, Respondent, v Robert Jackson, Appellant. [681 NYS2d 2] —Judgment, Supreme Court, New York County (James Leff, J.), rendered September 13, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 7½ to 15 years, unanimously affirmed.

Since no reasonable view of the evidence established the elements required for the defense of justification involving deadly physical force, the trial court properly refused defendant's request for a justification charge (People v Arzu, 240 AD2d 217; see also, People v Reynoso, 73 NY2d 816). Viewed in the light most favorable to defendant, the evidence established at most that the victim pushed defendant away after defendant provoked a confrontation.

The court correctly admitted photographs of the victim's face, which were relevant to establish defendant's intent when inflicting the injuries (People v Stevens, 76 NY2d 833).

Since defendant made no objection to the court's decision not to submit the count charging criminal possession of a weapon in the fourth degree, the applicable statute (CPL 300.50 [1]-[3]) precludes any finding of error by the trial court (People v Hunter, 210 AD2d 11, lv denied 85 NY2d 863). Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.