█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA OBERDORF, Appellant. [773 NYS2d 334]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered February 11, 2002. The judgment convicted defendant, upon her plea of guilty, of burglary in the third degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and as a matter of discretion in the interest of justice, the motion is granted, the plea is vacated, and the matter is remitted to Ontario County Court for further proceedings on the superior court information.

Memorandum: Defendant appeals from a judgment convicting her, upon her *Alford* plea (*see North Carolina v Alford*, 400 US 25 [1970]), of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25). The sole contention on appeal is that County Court erred in denying the motion of defendant to withdraw her guilty plea. Although defendant failed to preserve for our review her contention that the court should not have accepted her *Alford* plea without insisting on a stronger factual recitation by the prosecution (*see People v Spulka*, 285 AD2d 840 [2001], *lv denied* 97 NY2d 643 [2001]), we address the

contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). "In New York, such a plea is allowed only when, as in *Alford* itself, it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (*Matter of Silmon v Travis,* 95 NY2d 470, 475 [2000]; *see People v Alexander,* 97 NY2d 482, 486 n 3 [2002]). Here, the record establishes that the court ascertained that defendant was making a knowing and voluntary choice to waive indictment and plead guilty to the crimes charged in the superior court information (SCI). The record does not, however, contain the requisite evidence of defendant's guilt of burglary or larceny, and thus we conclude that the court erred in accepting the plea (*see Alford,* 400 US at 37; *Alexander,* 97 NY2d at 486 n 3). We therefore reverse the judgment, grant defendant's motion, vacate the plea, and remit the matter to County Court for further proceedings on the SCI. Present— Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.