■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MELLA-RODRIGUEZ, Appellant. [836 NYS2d 192]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered September 29, 2003, convicting him of kidnapping in the first degree, robbery in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree (two counts), and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we find that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Further, the police lawfully stopped the vehicle (*see People v Robinson,* 97 NY2d 341, 349-353 [2001]; *People v Gonzalez,* 25 AD3d 620, 621 [2006]; *People v Romeo,* 15 AD3d 420 [2005]). The police officer's decision to search the trunk of the stopped vehicle to see if the missing kidnap victim was inside was justified under the emergency exception doctrine (*see People v Molnar,* 98 NY2d 328, 332 [2002]; *People v Alster,* 28 AD3d 490, 491 [2006]). The defendant's contention that the officer did not have probable cause to move a NYPD T-shirt, which was covering a handgun, once it had been determined that no one was inside the truck, is unpreserved for appellate review. Accordingly, that branch of the defendant's motion which was to suppress physical evidence, to the extent reviewed, was properly denied.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contentions that the Supreme Court's supplemental jury charge was improper, as well as his challenges to the prosecutor's remarks on summation, are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, those claims and his remaining contentions are without merit. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.