■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS A. WILLIAMS, Appellant. [864 NYS2d 611]—

Appeal from a judgment of the Monroe County Court (Richard

A. Keenan, J.), rendered June 23, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in denying his request to charge assault in the third degree as a lesser included offense (§ 120.00 [3]; *see generally People v Glover,* 57 NY2d 61, 63 [1982]). We reject that contention. Viewing the evidence in the light most favorable to defendant, as we must (*see People v Martin,* 59 NY2d 704, 705 [1983]; *People v Alvarez,* 51 AD3d 167, 181 [2008]), we conclude that it does not support a finding that defendant "failed to perceive [the] substantial and unjustifiable risk" of physical injury to the victim when he chased her and swung at her head with the butt of a long gun (*see People v Arzu,* 240 AD2d 217, 217 [1997], *lv denied* 90 NY2d 938 [1997]; *People v Maybee,* 148 AD2d 923 [1989]). Further, the record does not support the contention of defendant that the court failed to consider all of the evidence in denying his request.

Contrary to defendant's further contention, the People established a sufficient foundation for the admission in evidence of tape recordings of telephone conversations between defendant and the victim and between defendant and the victim's boyfriend while defendant was incarcerated (*see generally People v Ely,* 68 NY2d 520, 527-528 [1986]; *People v Bell,* 5 AD3d 858, 861 [2004]; *People v Rendon,* 273 AD2d 616, 618 [2000], *lv denied* 95 NY2d 968 [2000]). With respect to the conversation between defendant and the victim, we note that the victim testified, without contradiction, concerning her familiarity with defendant's voice and her ability to recognize it (*see People v Arena,* 48 NY2d 944, 945 [1979]). With respect to both conversations, the content of the tape recordings established defendant's identity as the caller, and the testimony of the individual in charge of maintaining the recording system at the jail established their authenticity as "a complete and accurate reproduction of the conversation[s] and [that they had] not been altered" (*Ely,* 68 NY2d at 527). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.