close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive' " (*People v Newton*, 24 AD3d 1287, 1288 [2005], *lv denied* 6 NY3d 836 [2006], quoting *People v Brisco*, 99 NY2d 596, 597 [2003]). Contrary to defendant's contention, the sequence in which the suspects were shown separately to the victim did not render the showup identification procedure unduly suggestive (*see People v Evans*, 291 AD2d 868, 869 [2002]). We also reject defendant's further contention that the People were required to establish the existence of exigent circumstances in order to justify their use of the showup identification procedure. "Exigent circumstances for a civilian showup are required only when it is conducted at a police station or when it is not held in geographic and temporal proximity to the crime" (*People v Ponder*, 42 AD3d 880, 881 [2007], *lv denied* 9 NY3d 925 [2007]; *see People v Eaves*, 15 AD3d 891, 892 [2005], *lv denied* 4 NY3d 853 [2005]) and, as we previously held, the showup identification procedure was conducted in geographic and temporal proximity to the crime (*see Newton*, 24 AD3d at 1288).

Contrary to the further contention of defendant, the court's interested witness instruction was fair and balanced. "It has been repeatedly held that the standard interested witness instruction that was given here, which instructs that the defendant is an interested witness as a matter of law and that the jury is free to find, as a matter of fact, that any of the prosecution's witnesses are also interested witnesses, is properly balanced" (*People v Bowden*, 198 AD2d 39, 40 [1993]; *see People v Agosto*, 73 NY2d 963, 967 [1989]).

As the People correctly concede, pursuant to our decision in the appeal of a second codefendant, who was tried jointly with defendant (*People v Clark*, 6 AD3d 1066, 1068 [2004], *lv denied* 3 NY3d 638 [2004]), that part of the judgment convicting defendant of criminal possession of a weapon in the second degree must be reversed and that count of the indictment dismissed. We therefore modify the judgment accordingly. As we wrote in that decision, "[t]he People presented proof that defendant, as either a principal or an accomplice, possessed two different firearms, but defendant was indicted for possession of only one. Nothing in the bill of particulars or instructions given by County Court specified which firearm defendant was alleged to have possessed and thus it is possible that defendant was convicted of an unindicted crime" (*id.*). The same reasoning applies equally here. Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Fahey and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HARVEY, Appellant. (Appeal No. 1.) [869 NYS2d 846]■

Present—Martoche, J.P., Smith, Fahey and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HARVEY, Appellant. (Appeal No. 2.) [871 NYS2d 531]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and reckless endangerment in the first degree (§ 120.25), defendant contends that Supreme Court erred in admitting in evidence a recording and transcript of a 911 call identifying defendant as the perpetrator in violation of his right of confrontation. We reject that contention inasmuch as the 911 call was not testimonial in nature (*see Davis v Washington*, 547 US 813, 826-827 [2006]; *see also People v Nieves-Andino*, 9 NY3d 12, 16 [2007]). We agree with defendant, however, that the court erred in admitting in evidence the preliminary hearing testimony of the victim. Although the People demonstrated due diligence in attempting to locate the victim for trial (*see People v Arroyo*, 54 NY2d 567, 571 [1982], *cert denied* 456 US 979 [1982]), the court unduly restricted defense counsel's cross-examination of the victim at the preliminary hearing, and thus the admission in evidence of the preliminary hearing testimony deprived defendant of his right of confrontation (*see People v Simmons*, 36 NY2d 126,