■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JONES, Appellant. [881 NYS2d 294]—Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered May 16, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 13 years; judgment, same court and Justice, rendered May 12, 2006, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a concurrent term of seven years; and order, same court and Justice,

entered on or about May 27, 2006, which denied defendant's CPL 440.10 motion to vacate judgment, unanimously affirmed.

Defendant did not preserve his claim that the count upon which he was convicted after trial was duplicitous, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. There was no violation of the requirement of a unanimous verdict, since the single count of second-degree weapon possession had a single factual basis, that is, the People's theory that, in a brief, continuing incident, defendant and his accomplice collectively possessed several handguns as part of a joint criminal enterprise (*see People v Wells*, 7 NY3d 51 [2006]; *People v Mateo*, 2 NY3d 383, 406-408 [2004], *cert denied* 542 US 946 [2004]; *People v Kaid*, 43 AD3d 1077 [2007], *appeal dismissed sub nom. People v Moghaless*, 10 NY3d 910 [2008]).

We reject defendant's argument predicated on alleged extrinsic evidence of the mental processes of certain jurors, and also reject his ineffective assistance of counsel claim. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.