■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAJSHEEM L. RICHARDSON, Appellant. [899 NYS2d 722]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 29, 2008. The judgment

convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Jefferson County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), defendant contends that County Court erred in refusing to suppress a photo array identification based on the alleged intoxication of the identifying witness. We reject that contention. Although the sobriety of the identifying witness may be relevant with respect to the issue of the reliability of the identification, it has no bearing on the issue before the court in determining whether to suppress the identification, i.e., "whether the identification[ ] resulted from impermissibly suggestive police conduct" (*People v Barton*, 164 AD2d 917, 918 [1990]). Additionally, because the photo array was not unduly suggestive, it is of no moment that "the police compiled the photo array based upon their own suspicion of the perpetrator rather than a description given by the . . . victim" (*People v Scott*, 60 AD3d 1483, 1484 [2009], *lv denied* 12 NY3d 859 [2009]).

Defendant further contends that there was insufficient evidence of guilt in the record and thus that the court erred in accepting his *Alford* plea. Although defendant failed to preserve that contention for our review, we exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Oberdorf*, 5 AD3d 1000, 1000-1001 [2004]). "In New York, such a plea is allowed only when, as in *Alford* itself, it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (*Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]). Here, although the prosecutor stated during the plea colloquy that four eyewitnesses would testify at trial that they saw defendant stab the victim, the record does not support that statement. To the contrary, the three police statements in the record are equivocal and, indeed, are more exculpatory than inculpatory in nature. Moreover, the one eyewitness who initially provided the police with a positive identification of defendant as the attacker made another statement to the police the following day suggesting that she may have identified the wrong person. The record is devoid of any support for defendant's guilt other than the prosecutor's unsubstantiated state-

ment during the plea colloquy. Thus, although defendant made a knowing and voluntary choice to enter an *Alford* plea, we conclude that the court erred in accepting the plea because the record does not contain the requisite "strong evidence of actual guilt" (*Silmon*, 95 NY2d at 475; *see Oberdorf*, 5 AD3d at 1001; *see also People v Alexander*, 97 NY2d 482, 486 n 3 [2002]). We therefore reverse the judgment, vacate defendant's plea of guilty, and remit the matter to County Court for further proceedings on the indictment. Present—Scudder, P.J., Martoche, Lindley, Green and Gorski, JJ.