# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**176**
**KA 06-01618**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RONALD HURLBERT, JR., DEFENDANT-APPELLANT.

---

BETZJITOMIR & BAXTER, LLP, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR DEFENDANT-APPELLANT.

JASON L. COOK, DISTRICT ATTORNEY, PENN YAN (WENDY EVANS LEHMANN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Yates County Court (Dennis F. Bender, A.J.), rendered March 16, 2006. The judgment convicted defendant, upon a jury verdict, of kidnapping in the first degree (two counts), rape in the first degree (five counts), criminal sexual act in the first degree (two counts), criminal possession of a weapon in the third degree (four counts) and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of kidnapping in the first degree (Penal Law § 135.25 [2] [a]), five counts of rape in the first degree (§ 130.35 [1]), two counts of criminal sexual act in the first degree (§ 130.50) and criminal possession of a weapon in the third degree (§ 265.02 [1]) in connection with acts committed by defendant against his girlfriend over a five-day period. Contrary to defendant's contention, he was not denied effective assistance of counsel based on defense counsel's failure to assert a defense of mental disease or defect (*see generally People v Baldi*, 54 NY2d 137, 147). Although defendant told the victim that he wanted to kill himself, the record does not support the defense that, "as a result of mental disease or defect, defendant lacked substantial capacity to know or appreciate either . . . [t]he nature and consequences of [his] conduct[] or . . . [t]hat the conduct was wrong" (§ 40.15). Indeed, the testimony of the victim, which was corroborated by physical evidence, and that of defendant, belie his contention that defense counsel should have asserted that defense.

We reject defendant's further contention that County Court erred in permitting defense counsel to represent defendant after the court

discovered that defense counsel had previously represented a prosecution witness who waived her attorney-client privilege for purposes of cross-examination. Although the court did not inquire of defendant whether he understood the risks that may be involved with respect to the potential conflict (*see generally People v McDonald*, 68 NY2d 1, 8, *rearg dismissed* 69 NY2d 724; *People v Gomberg*, 38 NY2d 307, 313-314), the failure to make such an inquiry does not constitute reversible error because defendant has not established that the potential conflict of interest bore "a substantial relation to the conduct of the defense" (*People v Harris*, 99 NY2d 202, 211 [internal quotation marks omitted]). Indeed, defense counsel vigorously cross-examined that witness, and his questions included information regarding the conviction with respect to which he represented her.

Contrary to defendant's contention, the People laid a proper foundation for the admission in evidence of tape-recorded telephone conversations between defendant and the victim and the transcript of those recordings. The victim testified that she made the tapes on a microcassette recorder, that the tapes had not been altered and that the recordings constituted an accurate reproduction of the conversations she had with defendant (*see People v Ely*, 68 NY2d 520, 527; *People v Williams*, 55 AD3d 1398, *lv denied* 11 NY3d 901). In addition, the court properly determined that the probative value of the tapes outweighed the potential for prejudice inasmuch as they were relevant with respect to the element of forcible compulsion in the counts charging rape in the first degree and criminal sexual act in the first degree (Penal Law § 130.50 [1]; *see generally People v Cook*, 251 AD2d 1033, *affd* 93 NY2d 840).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence. The victim and defendant gave differing accounts of the events that took place over the relevant time period. The victim's testimony was corroborated by physical evidence, including handcuffs on which the victim's DNA was found and the rope and tape that defendant used to restrain her, and by the description of the victim's demeanor by witnesses who observed defendant and the victim during the time period in question. The jury was entitled to credit the victim's testimony, and we see no reason to disturb its determination (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's contention, his sentence, the aggregate maximum term of which is 105 years (*see* Penal Law § 70.30 [1] [d] [i]), is not illegal. "[W]here[, as here,] the crimes are committed through separate and distinct acts, even though part of a single transaction, consecutive sentences are possible regardless of whether the statutory elements of the offenses overlap" (*People v Salcedo*, 92 NY2d 1019, 1021). The court imposed consecutive determinate terms of imprisonment of 15 years on the rape and criminal sexual act counts, which run concurrently to the indeterminate terms of imprisonment imposed on the kidnapping counts (*see generally People v Ramirez*, 89 NY2d 444, 451). The court properly ordered the indeterminate terms of imprisonment imposed on the weapons counts to run concurrently with

each other and the terms imposed on the kidnapping counts (*see generally id.*), but consecutively to the terms imposed on the rape and criminal sexual act counts (*see generally Salcedo*, 92 NY2d at 1021). Because defendant has been convicted of class A felonies, the sentence is not eligible for the limiting provisions contained in Penal Law § 70.30 (1) (e) (vii) (A) and we decline to exercise our discretion to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court