■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN COLLINS, Appellant. [934 NYS2d 830]—

Contrary to the defendant's contention, the Supreme Court properly admitted a recording of a telephone call made by the defendant while he was incarcerated (*see People v Ely*, 68 NY2d 520, 527-528 [1986]; *People v McGee*, 49 NY2d 48, 59-60 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]). A sufficient foundation was established through the testimony of a senior program specialist for the Department of Corrections, who testified, inter alia, that he was familiar with the recording system at the prison, that the prison routinely recorded the inmates' telephone calls, and that the recordings were housed in a computer system and identified by an inmate's unique book and case number (*see People v Cratsley*, 86 NY2d 81, 89-91 [1995]; *People v Kennedy*, 68 NY2d 569, 575-578 [1986]; *cf. People v Manor*, 38 AD3d 1257 [2007]).

We reject the defendant's contention that he was deprived of a fair trial by improper comments made during summation by the prosecutor. The challenged remarks were within the bounds of permissible rhetorical comment, fair response to arguments and issues raised by the defense, fair comment on the evidence, or cured by the trial court's charge to the jury (*see People v Cabrera*, 85 AD3d 942, 943 [2011]).

The defendant's contention that the jury charge on consciousness of guilt was deficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mella-Rodriguez*, 39 AD3d 671, 672 [2007]), and, in any event, is without merit (*see People v Knight*, 261 AD2d 487, 487 [1999]). Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.