■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIGEL VASSER, Appellant. [948 NYS2d 419]—

The defendant had a hostile relationship with an individual who went by the name "Buddha," who was a member of a rival gang. On the day of the shooting which gave rise to the instant charges, witnesses saw the defendant hold a gun with his arm extended, point it at Buddha, and fire several shots at him. Buddha ran and hid behind a building; after a pause, the defendant resumed shooting, striking a bystander once in the head and causing her death.

Viewing the evidence in the light most favorable to the prosecution, we find that the defendant's guilt of murder in the second degree was established by legally sufficient evidence (*see People v Contes*, 60 NY2d 620, 621 [1983]). The element of intent was established by evidence that the defendant pointed a loaded firearm at Buddha and fired multiple shots (*see People v Mei Ying Wang*, 33 AD3d 820, 821 [2006]; *People v Braithwaite*, 286 AD2d 507 [2001]; *People v Colon*, 275 AD2d 797 [2000]). The defendant's guilt of attempted murder in the second degree was also established by legally sufficient evidence (*see People v Nedd*, 90 AD3d 1076 [2011]; *People v Hernandez*, 257 AD2d 664 [1999]).

Moreover, in fulfilling our responsibility to conduct an inde-

pendent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdicts of guilt of murder in the second degree and attempted murder in the second degree were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

Recordings of telephone conversations which the defendant made while he was being held at Rikers Island, in which he discussed the shooting, were admitted into evidence at trial. Contrary to the defendant's contention, the People established the foundation for the admission of those recordings through the testimony of an individual familiar with the record-keeping practices of the Department of Corrections (*see People v Collins*, 90 AD3d 1069 [2011]; *People v Williams*, 55 AD3d 1398 [2008]).

The Supreme Court properly imposed consecutive sentences for the defendant's convictions of murder in the second degree and attempted murder in the second degree (*see People v McKnight*, 16 NY3d 43 [2010]; *People v Bonilla*, 57 AD3d 400, 401-402 [2008]). Moreover, the sentences imposed for all the convictions were not excessive (*see People v Suitte*, 90 AD2d 80, 83-86 [1982]). Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.