# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1395**

**KA 08-02529**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LEONARD JACKSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered September 25, 2008. The judgment convicted defendant, after a nonjury trial, of rape in the second degree and criminal sexual act in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of rape in the second degree (Penal Law § 130.30 [1]) and criminal sexual act in the second degree (§ 130.45 [1]), and acquitting him of rape in the first degree (§ 130.35 [1]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although Supreme Court rejected the victim's testimony that the acts of anal and vaginal intercourse were forced, the court "was entitled to 'accept some of the victim['s] testimony while rejecting other portions of it' " (*People v Simonetta*, 94 AD3d 1242, 1244, *lv denied* 19 NY3d 1029), and thus the court was justified in finding, beyond a reasonable doubt, that defendant engaged in anal and vaginal intercourse with the 13-year-old victim (*see Danielson*, 9 NY3d at 348).

We also conclude that defendant's sentence is not unduly harsh or severe based on the court's imposition of consecutive sentences. Where "the crimes are committed through separate and distinct acts, even though part of a single transaction, consecutive sentences are possible regardless of whether the statutory elements of the offenses overlap" (*People v Salcedo*, 92 NY2d 1019, 1021; *see People v Hurlbert*, 81 AD3d 1430, 1432, *lv denied* 16 NY3d 896). Here, as noted, defendant

engaged in the separate and distinct acts of vaginal and anal
intercourse with the victim.

Entered:  December 21, 2012                   Frances E. Cafarell
                                              Clerk of the Court