# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

10

KA 10-01130

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

JEFFREY THOMAS, DEFENDANT-APPELLANT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 14, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that there was evidence that he possessed both a revolver and a pistol and thus that he may have been convicted of an unindicted offense. "Because defendant's right to be tried and convicted of only those crimes charged in the indictment is fundamental and nonwaivable, we reach this issue despite the fact that it is unpreserved" (*People v McNab*, 167 AD2d 858, 858). We nevertheless reject defendant's contention. Defendant was charged with possessing "a loaded pistol and/or revolver." Prosecution witnesses testified that defendant fired at the victim with a revolver in one hand and a pistol in the other, and that the victim died from a gunshot wound to the chest from a .38 caliber revolver. The prosecution also presented as evidence defendant's statement to the police wherein he admitted that he possessed a 9 millimeter pistol but denied that he possessed a revolver. Defendant presented testimony that he did not have a weapon. There was no evidence that defendant possessed more than two loaded weapons (*cf. People v Ball*, 57 AD3d 1444, 1445, *lv denied* 12 NY3d 755), or that he possessed a weapon of a type different from the weapons alleged in the indictment. We therefore conclude that the jury did not convict him of an unindicted crime and that the prosecution did not usurp the authority of the grand jury to determine the charges (*cf. id.; McNab*, 167 AD2d at 858). Here, the indictment gave defendant the requisite notice of the charge

against him (*cf. Ball*, 57 AD3d at 1445; *McNab*, 167 AD2d at 858), to enable him to prepare a defense (*see generally People v Grega*, 72 NY2d 489, 495-496).

Defendant also implicitly contends that the indictment is facially duplicitous because it charges two offenses in one count (*see generally* CPL 200.30 [1]; *People v Bauman*, 12 NY3d 152, 154-155), and thus that reversal is required because the verdict may not have been unanimous with respect to which weapon or weapons he possessed. Defendant failed to preserve that contention for our review, however, inasmuch as he did not challenge the indictment as duplicitous within 45 days of his arraignment on the indictment (*see* CPL 255.20 [1]; *People v Brown*, 82 AD3d 1698, 1700, *lv denied* 17 NY3d 792). In any event, we reject defendant's contention. Here, "[t]here was no violation of the requirement of a unanimous verdict, since the single count of second-degree weapon possession had a single factual basis, that is, the People's theory that, in a brief, continuing incident, defendant . . . possessed [one or two loaded weapons] as part of a . . . criminal enterprise" (*People v Jones*, 64 AD3d 427, 428, *lv denied* 13 NY3d 797; *cf. Bauman*, 12 NY3d at 155). " 'Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict' " (*People v Mateo*, 2 NY3d 383, 408, *cert denied* 542 US 946, quoting *Schad v Arizona*, 501 US 624, 632, *reh denied* 501 US 1277), i.e., which particular loaded weapon or weapons defendant possessed. Indeed, "the jury need not necessarily concur in a single view of the transaction, in order to reach a verdict . . . '[I]f the conclusion may be justified upon [more than one] interpretation[] of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and part upon the other' " (*id.* at 408 n 13, quoting *People v Sullivan*, 173 NY 122, 127).

Finally, we reject defendant's challenge to the severity of the sentence.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court