People v Goodman (2014 NY Slip Op 05800)
People v Goodman
2014 NY Slip Op 05800
Decided on August 13, 2014
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on August 13, 2014SUPREME COURT OF THE STATE OF NEW YORKAppellate Division, Second Judicial Department
MARK C. DILLON, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
BETSY BARROS, JJ.


2011-02343
 (Ind. No. 11772/09)

[*1]The People of the State of New York, respondent, 
v
James Goodman, appellant.
Douglas G. Rankin, Brooklyn, N.Y., for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, N.Y. (Leonard Joblove, Thomas M. Ross, and Terrence F. Heller of counsel), for respondent.
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 28, 2011, convicting him of robbery in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the identification evidence was legally insufficient to support his convictions of robbery in the first degree and unlawful imprisonment in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Shearer, 114 AD3d 708). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Upon our review of the issues preserved for appellate review that relate to the alleged failure of the People to properly authenticate certain recordings of telephone calls made by the defendant while he was incarcerated, we find the defendant's contentions with respect to those issues to be without merit (see People v Vasser, 97 AD3d 767; People v Collins, 90 AD3d 1069).
The defendant's remaining contentions are unpreserved for appellate review.
DILLON, J.P., HALL, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court