THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SABU STANLEY, Appellant. [1 NYS3d 370]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered December 21, 2009, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence of his guilt of attempted assault in the first degree (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Garguilio, 57 AD3d 797, 798 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the conviction of attempted assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the evidence does not support a finding that he knew that his gun would jam at the time he pointed it at a police officer and pulled the trigger. Rather, the evidence demonstrated that the defendant had fired the same weapon minutes earlier into a crowd, striking one victim, and that the defendant appeared to try to "clear" the gun when the trigger did not work the first time he pointed the gun at the police officer. Moreover, the People also introduced evidence at trial that the gun was operable when it was recovered from the scene. Accordingly, the People presented sufficient evidence of the defendant's intent to cause serious physical injury to the police officer by the use of the weapon

(*see People v Santana*, 70 AD3d 448 [2010]; *People v Bedford*, 296 AD2d 553 [2002]; *People v Francis*, 209 AD2d 539, 540 [1994]; *see also People v Davis*, 72 NY2d 32, 37 [1988]; *People v Persaud*, 25 AD3d 626, 627 [2006]).

The defendant also failed to preserve for appellate review his challenge to the legal sufficiency of the evidence of his guilt of reckless endangerment in the first degree (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d at 19). In any event, contrary to the defendant's contention, the People adduced legally sufficient proof of his identity as the perpetrator of the acts that formed the basis for this conviction (*see People v Pena*, 242 AD2d 546 [1997]; *see also People v Goodman*, 120 AD3d 587 [2014]; *People v Casarrubia*, 117 AD3d 1072 [2014]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence as to that conviction (*see People v Romero*, 7 NY3d 633 [2006]).

The record, viewed in totality, shows that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Defense counsel's failure to object to the jury charge as to the count charging criminal possession of a weapon in the second degree, on the ground that it was "duplicitous," did not render counsel's performance ineffective. The defendant was charged with criminal possession of a weapon in the second degree under Penal Law § 265.03 (3), based on his alleged possession of a loaded firearm, outside of his home or place of business. The gravamen of that charge was the defendant's alleged continuing possession of a loaded firearm, in an incident that began with him shooting into a crowd, and ended with his encounter with the police several minutes later. Under these circumstances, that count as submitted to the jury charged a single offense, and there was no risk of a less than unanimous verdict on the offense (*see People v Thomas*, 114 AD3d 1138, 1139 [2014]; *People v Jones*, 64 AD3d 427, 428 [2009]; *cf. People v Okafore*, 72 NY2d 81, 83 [1988]; *People v Jean*, 117 AD3d 875, 876-877 [2014]). Consequently, the failure of trial counsel to raise that point cannot be deemed to constitute the ineffective assistance of counsel (*see People v Robles*, 116 AD3d 1071 [2014]; *People v Garris*, 99 AD3d 1018, 1019 [2012]; *People v Cromwell*, 99 AD3d 1017 [2012]). Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.