People v Daniels (2018 NY Slip Op 05687)





People v Daniels


2018 NY Slip Op 05687


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2014-06292
 (Ind. No. 3562/12)

[*1]The People of the State of New York, respondent,
v
Anthony Daniels, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata and Angad Singh of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered June 11, 2014, convicting him of robbery in the first degree (two counts), attempted assault in the second degree, and attempted assault in the third degree, after a nonjury trial, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing (Neil J. Firetog, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant's contention, raised in his main brief and pro se supplemental brief, that the identification evidence was legally insufficient to support his convictions of robbery in the first degree, is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (see People v Stanley, 124 AD3d 919, 920; People v Goodman, 120 AD3d 587, 587; People v Casarrubia, 117 AD3d 1072, 1073; People v Pena, 242 AD2d 546, 546; People v Rodriguez, 192 AD2d 731, 731). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
There is no merit to the defendant's contention, raised in his main brief and pro se supplemental brief, that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress identification testimony on his argument that a photographic array was unduly suggestive. "In determining whether a photographic array was unduly suggestive' the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification" (People v Dunlap, 9 AD3d 434, 435, quoting People v Chipp, 75 NY2d 327, 336; see People v Burroughs, 98 AD3d 583, 583). Here, the participants were sufficiently similar in appearance such that there was little likelihood that the defendant would be singled out for identification based on particular characteristics (see People v Staton, 138 AD3d 1149, 1150, affd [*2]28 NY3d 1160; People v Thomas, 104 AD3d 710; People v Brown, 89 AD3d 1032, 1033). Moreover, the fact that the background of the defendant's photograph was lighter than the backgrounds of the others did not orient the viewer toward the defendant as the perpetrator (see People v Wells, 141 AD3d 1013, 1017; People v Lawal, 73 AD3d 1287, 1288).
The defendant's contention, raised in his main brief, that he received ineffective assistance of counsel is without merit. On this record, the defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcoming (People v Rivera, 71 NY2d 705, 709; see People v Caban, 5 NY3d 143, 152; People v McClean, 137 AD3d 940, 941).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court