People v Johnson (2018 NY Slip Op 08802)





People v Johnson


2018 NY Slip Op 08802


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1169 KA 16-00657

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM D. JOHNSON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 4, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated and the matter is remitted to Ontario County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon his Alford plea, of assault in the second degree (Penal Law
§ 120.05 [6]) and grand larceny in the fourth degree (§ 155.30 [1]). The charges arose when a security officer at a department store observed defendant and his two codefendants fill two shopping carts with $1,100 worth of merchandise and approach the exit of the store with the unpaid merchandise. Defendant and his two codefendants abandoned the merchandise near the exit and left the store. They entered a vehicle that was in the parking lot, and one of the codefendants led police on a high-speed traffic chase from Ontario County to Monroe County. The car chase resulted in two motor vehicle accidents, including one in which a police officer was injured. All three codefendants abandoned the vehicle at the side of the highway and led police on a foot chase through an open field and into a wooded area. Defendant was apprehended by police and transported back to Canandaigua for a showup identification procedure at the department store with the security officer.
Initially, we reject defendant's contention that the identification procedure was unduly suggestive. The showup, which was conducted approximately two hours after defendant and his codefendants were observed by the security officer with the two carts of unpaid merchandise, was " reasonable under the circumstances' " presented in this case (People v Cedeno, 27 NY3d 110, 123 [2016], cert denied — US &mdash, 137 S Ct 205 [2016]; see People v Brisco, 99 NY2d 596, 597 [2003]; People v Duuvon, 77 NY2d 541, 543 [1991]). There is no bright-line rule for determining whether a showup identification procedure is per se unacceptable based on the lapse of time between the commission of the crime and the identification procedure (see People v Howard, 22 NY3d 388, 402 [2013]) and, in this case, the showup was part of a continuous, ongoing police investigation (see Brisco, 99 NY2d at 597; People v Thomas, 164 AD3d 619, 620 [2d Dept 2018], lv denied 32 NY3d 1068 [2018]; People v Capers, 94 AD3d 1475, 1476 [4th Dept 2012], lv denied 19 NY3d 971 [2012]; see also Howard, 22 NY3d at 402), which spanned two counties and involved multiple law enforcement agencies, due in large part to the flight of defendant and his codefendants. We further conclude that the showup was not rendered unduly suggestive by the fact that defendant was standing between two uniformed officers and the security officer could see the parking lot where the police cars were parked (see People v Owens, 161 AD3d 1567, 1568 [4th Dept 2018]; People v Thompson, 132 AD3d 1364, 1365 [4th Dept 2015], lv denied 27 NY3d 1156 [2016]), or by the fact that defendant's showup was conducted in [*2]sequence with the showups of his codefendants (see generally People v Ball, 57 AD3d 1444, 1445 [4th Dept 2008], lv denied 12 NY3d 755 [2009]).
We agree with defendant, however, that County Court erred in accepting his Alford plea because the record lacks the requisite strong evidence of his actual guilt (see generally Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]; People v Richardson, 132 AD3d 1313, 1316 [4th Dept 2015], lv denied 26 NY3d 1145 [2016]). Although defendant failed to preserve that contention for our review by moving to withdraw his plea or to vacate the judgment of conviction (see People v Steinmetz, 159 AD3d 1577, 1577 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]; People v Dixon, 147 AD3d 1518, 1518-1519 [4th Dept 2017], lv denied 29 NY3d 1078 [2017]), and this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]; see People v Farnsworth, 32 AD3d 1176, 1177 [4th Dept 2006], lv denied 7 NY3d 867 [2006]), we exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Richardson, 72 AD3d 1578, 1579 [4th Dept 2010]).
The record, which includes sworn grand jury testimony, sufficiently establishes that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Pallagi, 91 AD3d 1266, 1269 [4th Dept 2012] [internal quotation marks omitted]; see People v LaRock, 21 AD3d 1367, 1368 [4th Dept 2005], lv denied 5 NY3d 883 [2005]), and that the value of such property exceeded one thousand dollars (see Penal Law § 155.30 [1]). We conclude, however, that the record lacks strong evidence that defendant acted with the intent to deprive the owner of the property or to appropriate the property to himself or to a third person (see id.; § 155.05 [1]). Thus, inasmuch as the record lacks strong evidence that defendant acted with the intent to commit grand larceny in the fourth degree, the record also lacks strong evidence that defendant caused injury to a person in the course of and in furtherance of the commission or attempted commission of that crime or during the immediate flight therefrom (see § 120.05 [6]).
Although defendant made a knowing and voluntary choice to enter an Alford plea, we conclude that the court erred in accepting his plea because the record does not contain the requisite "strong evidence of actual guilt" (Silmon, 95 NY2d at 475; see Richardson, 72 AD3d at 1580; People v Oberdorf, 5 AD3d 1000, 1001 [4th Dept 2004]). We therefore reverse the judgment, vacate defendant's plea of guilty, and remit the matter to County Court for further proceedings on the indictment.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court