People v Rivera (2022 NY Slip Op 00583)





People v Rivera


2022 NY Slip Op 00583


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1057 KA 18-02423

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FLOR RIVERA, DEFENDANT-APPELLANT. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 15, 2017. The judgment convicted defendant upon a jury verdict of assault in the first degree, assault in the second degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (§ 120.05 [2]), and assault in the third degree (§ 120.00 [2]). Defendant's conviction stems from a fight in which three victims sustained, inter alia, stab wounds. Defendant contends that Supreme Court erred in refusing to suppress identification testimony of one of the victims because that victim was in the hospital on pain medication at the time he was shown a photo array. That contention is unpreserved for our review because defendant did not raise it at the suppression hearing (see People v Johnson, 194 AD3d 1410, 1411 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; see generally CPL 470.05 [2]). In any event, his contention is without merit. We conclude that, while the effect of pain medications on the identifying witness "may be relevant with respect to the issue of the reliability of the identification, it has no bearing on the issue before the court in determining whether to suppress the identification, i.e., 'whether the identification . . . resulted from impermissibly suggestive police conduct' " (People v Richardson, 72 AD3d 1578, 1579 [4th Dept 2010]).
Contrary to defendant's further contention, the court properly denied his repeated severance motions, inasmuch as defendant failed to demonstrate the requisite good cause for a discretionary severance from the codefendant's trial (see CPL 200.40 [1]; People v Mahboubian, 74 NY2d 174, 183 [1989]; People v Lundy, 178 AD3d 1389, 1389 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). Although defendant asserted that his defense was in irreconcilable conflict with that of the codefendant, he failed to make that showing before trial (see People v Spencer, 181 AD3d 1257, 1262 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]; Lundy, 178 AD3d at 1389; People v Sutton, 71 AD3d 1396, 1397 [4th Dept 2010], lv denied 15 NY3d 778 [2010]), and no such conflict arose during the trial (see People v Isaac, 195 AD3d 1410, 1411 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; see generally People v Cardwell, 78 NY2d 996, 998 [1991]).
Defendant contends that the conviction of assault in the first degree is not based on legally sufficient evidence. Defendant's contention is preserved only in part (see generally People v Gray, 86 NY2d 10, 19 [1995]), but it is without merit in any event. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is " 'a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Gorton, 195 AD3d 1428, [*2]1428 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]; People v Jaramillo, 97 AD3d 1146, 1147 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]; People v Brown, 57 AD3d 260, 261 [1st Dept 2008]).
Defendant's contention that the conviction of assault in the second degree is not based on legally sufficient evidence is preserved only in part (see generally Gray, 86 NY2d at 19). In any event, that contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, defendant's contention that the conviction of assault in the third degree is not based on legally sufficient evidence is not preserved for our review (see generally Gray, 86 NY2d at 19).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court