People v Rivera-Mateo (2022 NY Slip Op 05389)

People v Rivera-mateo

2022 NY Slip Op 05389

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

589 KA 18-00719

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HERIBERTO RIVERA-MATEO, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 15, 2017. The judgment convicted defendant upon a jury verdict of assault in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [2]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Contrary to defendant's contention, Supreme Court properly denied his repeated severance motions, inasmuch as he failed to demonstrate the requisite good cause for a discretionary severance from the codefendant's trial (see CPL 200.40 [1]; People v Lundy, 178 AD3d 1389, 1389 [4th Dept 2019], lv denied 35 NY3d 994 [2020]; see generally People v Mahboubian, 74 NY2d 174, 183 [1989]). As we held in the codefendant's appeal, defendant failed to show that his defense was in irreconcilable conflict with that of the codefendant before the trial, and no such conflict arose during the trial (see People v Rivera, 201 AD3d 1346, 1347 [4th Dept 2022], lv denied 38 NY3d 953 [2022]). Although defendant is correct that the codefendant would not have been bound by the court's Sandoval ruling (see People v McGee, 68 NY2d 328, 332-333 [1986]; see also People v Wilson, 120 AD3d 1531, 1533-1534 [4th Dept 2014], affd 28 NY3d 67 [2016], rearg denied 28 NY3d 1158 [2017]), the fact that defendant has a prior conviction did not automatically entitle him to severance to prevent the codefendant's attorney from questioning him regarding that conviction (see People v Murray, 155 AD3d 1106, 1109 [3d Dept 2017], lv denied 31 NY3d 1015 [2018]). There was no "significant possibility" that each defense would prejudice the other (McGee, 68 NY2d at 333) inasmuch as defendant did not show that " 'his potential testimony would have given the codefendant an incentive to impeach his credibility' " (People v Clark, 66 AD3d 1489, 1489 [4th Dept 2009], lv denied 13 NY3d 906 [2009]; see People v Campbell, 118 AD3d 1464, 1466 [4th Dept 2014], lv denied 24 NY3d 959 [2014], reconsideration denied 24 NY3d 1218 [2015]).
Contrary to defendant's contention, the court did not err in refusing to charge the jury on the defense of justification. Viewing the record in the light most favorable to defendant (see People v Brown, 33 NY3d 316, 324 [2019], rearg denied 33 NY3d 1136 [2019]), we conclude that "there is no reasonable view of the evidence that [defendant] was anything other than the initial aggressor in his use of deadly physical force," and thus "he is not entitled to a jury instruction on justification" (id. at 325; see People v Taylor, 134 AD3d 508, 509 [1st Dept 2015], lv denied 28 NY3d 1075 [2016]; People v Caldwell, 98 AD3d 1272, 1273 [4th Dept 2012], lv denied 20 NY3d 985 [2012]).
Viewing the evidence in light of the elements of the crimes of which defendant was convicted as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject [*2]defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court